IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK MACAULEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-0870-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for a period of disability and disability insurance benefits. Doc. #4. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. The ALJ gave "partial weight" and "little weight" to the opinion of Plaintiff's pain specialist, Dr. Simon. R. at 19. The ALJ found Dr. Simon's opinion was not supported by the record as a whole. *Id.* The ALJ discounted Dr. Simon's opinion in his Physical Residual Functional Capacity Questionnaire ("questionnaire") because, among other things, Plaintiff could walk a "long distance," there were no medical findings indicating Plaintiff had to lie down, and Dr. Simon was not an orthopedic specialist. *Id.* However, nothing in the record shows Plaintiff was able to walk a "long distance," and this phrase appears nowhere in the record other than the ALJ's opinion. Dr. Simon did not opine in the questionnaire it was necessary for Plaintiff to lie down; thus, there is no need for medical findings to support such an opinion. And although Dr. Simon is not an orthopedic specialist, his opinion was based upon years of treatment and clinical findings, which the ALJ did not mention. R. at 476. Upon remand, the ALJ must afford controlling weight to Dr. Simon's opinion, or the ALJ must provide specific examples in the record and legal authority that allow the ALJ to afford less than controlling weight to Dr. Simon's opinion.

2. The ALJ determined Plaintiff did not meet or equal Listing 1.04A. Listing 1.04A requires:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A. For Plaintiff to show his impairment matches this listing, the impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (citation omitted) (emphasis in original). For Plaintiff to show his unlisted impairment is "equivalent to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Id.* at 531 (citations omitted) (emphasis in orginal). While the ALJ considered whether Plaintiff's impairment met Listing 1.04A, he did not examine whether Plaintiff's impairment is "equivalent" to the listed impairment. R. at 13. Upon remand, the ALJ must consider whether Plaintiff's medical findings are equal in severity to all the criteria for Listing 1.04A.

3. Finally, if the ALJ affords more than little weight to Dr. Simon's opinion, the ALJ must re-evaluate Plaintiff's credibility, which was based, in part, on Dr. Simon's medical records and opinions.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 8, 2016    UNITED STATES DISTRICT COURT